BAXTER TRANSFER COMPANY, Appellant,

v.

Charles V. GILBERT, Appellee.

Court of Appeals of Kentucky.

June 14, 1957.

———◆———

James S. Greene, Jr., Harlan, for appellant.

Gus B. Bruner, Harlan, for appellee.

STEWART, Judge.

Appellee, Charles V. Gilbert, in September of 1955 rented a tractor truck to appellant, Baxter Transfer Company, and the latter agreed to pay $25 per day for the use of the motor vehicle. In an action instituted to collect the accrued rentals, appellee claimed the truck was used by appellant 50 days, whereas appellant by answer averred he had used it only 22 days. The lower court, trying the case without a jury, held the truck had been used 35 days, and entered judgment in favor of appellee for $875, less a credit of $375, which last-mentioned sum appellee admitted he had received on account.

The transfer company has moved for an appeal and the single question presented is whether the trial judge was "clearly erroneous" in his finding of fact as to the number of days the truck was used.

At the trial appellee conceded that the daily rental of $25 was to apply only to the days the motor vehicle was actually in use, but he further testified he had instructed an employee of appellant, Paul Brooks, at the time he came to get the truck, to return it each day it was not in use. Appellee explained that this arrangement was deemed necessary so that he could verify the exact time the truck was in service. He added he "couldn't run back and forth to tell when (the transfer company) was using the truck". He also stated he excluded from his calculation Sundays and such other days that he personally "knew" the truck was not in use. Appellee's evidence indicates the 50 days he asserted the truck was used was founded upon nothing more than an estimate.

Appellant's testimony established that the truck was employed only to haul rock dust for the Georgia Marble Company at Lynch. Its books showed that the truck was used only 22 days. The person who drove the truck testified it was used only 22 days, since it was never driven except by him, and never used except at Lynch. The truck admittedly was kept in the possession of appellant for the duration of the haulage job at Lynch. Both Paul Brooks, the driver of the truck, and Warren Metcalf, the president of the transfer company, denied anything was said by appellee regarding the return of the truck on the days when it was not in operation.

In determining that the truck was used 35 days, the trial court appears to have attempted a compromise finding of fact. This effort to strike a happy medium is manifestly improper, for the simple reason that there is no evidence in the record to support a finding predicated upon such a figure. More than that, instead of construing the contract between the parties,

and the pleadings and the proof plainly indicate this was the only issue to be resolved, the trial judge erroneously disregarded the requirements of the case when he adjudged in effect that the action was tortious in its nature and an award of damages was made to appellee.

The testimony introduced by appellant established that the truck was used by it 22 days, and this evidence was positive and was not contradicted. Against this, appellee's calculation as to the number of days the truck was in use, namely, 50 days, was arrived at by mere conjecture and not by actual knowledge. Such being the state of the evidence, the trial court was clearly erroneous in making any factual finding other than that the truck was used for a period of 22 days. See CR 52.01.

Wherefore, the motion for an appeal is sustained and the judgment is reversed with directions to set it aside and to enter a new one in favor of appellee for $175.